# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JILL MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-16-26-M |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Jill Miller brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. *See* Compl. (Doc. No. 1).[1] Defendant has moved to dismiss the action as untimely filed. Def.'s Mot. to Dismiss (Doc. No. 9) at 1-7.[2] United States District Judge Vicki Miles-LaGrange referred the

---

[1] Citations to documents filed in this Court use the page and exhibit numbers assigned by CM/ECF.

[2] Defendant moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, suggesting that Plaintiff's untimely filing deprives this Court of subject-matter jurisdiction to review the Commissioner's final decision denying Plaintiff's disability claim. *See* Def.'s Mot. to Dismiss at 1-2 (citing 42 U.S.C. § 405(g)-(h); Fed. R. Civ. P. 12(b)(1). Both the U.S. Supreme Court and the U.S. Court of Appeals for the Tenth Circuit have held that § 405(g)'s sixty-day time period for seeking judicial review of a "final decision of the Commissioner of Social Security" is a statute of limitations rather than a jurisdictional bar. *See, e.g.*, *Bowen v. City of New York*, 476 U.S. 467, 478-81 (1986); *Gossett v. Barnhart*, 139 F. App'x 24, 25 n.1 (10th Cir. 2005). Accordingly, Defendant's Motion is properly characterized as a motion to dismiss for failure to state a

matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636. For the reasons that follow, the undersigned recommends that Defendant's Motion to Dismiss be granted and that this action be dismissed with prejudice.

STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss challenges whether a complaint sets out a "statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(a)(2)); *see also Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). To survive dismissal a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A claim is facially plausible when the well-pled factual allegations, accepted as true and viewed in the plaintiff's favor, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under the governing law. *Id.* at 678, 679; *see Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). Additionally, "although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 412 (10th Cir. 2013) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

---

claim upon which relief can be granted. *Gossett*, 139 F. App'x at 25 n.1 (citing Fed. R. Civ. P. 12(b)(6)); *see also Jackson v. Standifird*, 463 F. App'x 736, 737 (10th Cir. 2012) ("Dismissal of a claim as time-barred is treated as dismissal for failure to state a claim.").

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In making this determination, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions," such as documents that the complaint incorporates by reference, documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute their authenticity, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Hall v. Astrue*, No. CIV-11-810-C, 2012 WL 896436, at *2 & n.2 (W.D. Okla. Jan. 6, 2012) (R. & R.) (taking judicial notice of agency documents attached to the complaint, the Commissioner's motion to dismiss the action as untimely filed, and the plaintiff's response brief), *adopted*, 2012 WL 896431 (W.D. Okla. Mar. 16, 2012), *and aff'd*, 486 F. App'x 753 (10th Cir. 2012).

PROCEDURAL HISTORY

Plaintiff protectively filed her DIB application on October 12, 2011, alleging disability because of various psychiatric and physical impairments. *See* Compl. at 2; Def.'s Mot. to Dismiss Ex. 1 (Doc. No. 9-1) at 9, 12. Following denial of Plaintiff's application initially and on reconsideration, a hearing was held before an administrative law judge ("ALJ") on January 22, 2014, at which Plaintiff was represented by counsel. Def.'s Mot. to Dismiss Ex. 1, at 9. The ALJ issued an unfavorable decision on July 11, 2014. Compl. at 2; *see also* Def.'s Mot. to Dismiss Ex. 1, at 6-22. The Appeals Council

("AC") declined Plaintiff's request for review in a letter dated November 4, 2015. Def.'s Mot. to Dismiss Ex. 1, at 28-30; *see* Compl. at 2-3. The AC's denial meant that the ALJ's unfavorable "decision [was] the final decision of the Commissioner of Social Security in [Plaintiff's] case." Def.'s Mot. to Dismiss Ex. 1, at 28.

The AC's letter instructed Plaintiff that she had "60 days to file a civil action" in federal district court if she wanted a court to review the Commissioner's final decision denying her disability claim. *Id.* at 29. The letter also instructed that the "60 days start the day after" Plaintiff received the letter, and that the AC would assume Plaintiff received the letter five days after its date—i.e., on November 9, 2016—unless Plaintiff showed that she did not receive it within this five-day grace period. *See id.* Finally, the letter stated that Plaintiff could ask the AC to extend her sixty-day filing period by submitting a written request explaining why she had "good cause" for missing her court deadline. *Id.* at 29-30; *see also* 20 C.F.R. §§ 404.911, .982. Plaintiff, through present counsel, filed this lawsuit on January 13, 2016—four days after the January 9, 2016 presumptive deadline had passed. *See* Compl. at 2; Pl.'s Mot. to Stay (Doc. No. 10) at 1.

On March 17, 2016, Defendant moved to dismiss the action as untimely filed. Defendant noted that Plaintiff filed this action several days after her deadline and that the agency had "no record" of Plaintiff requesting an extension of time pursuant to the procedure set out in the AC's denial-of-review letter. Def.'s Mot. to Dismiss at 2. Plaintiff, in lieu of responding to Defendant's motion, asked the Court to stay the action. *See* Pl.'s Mot. to Stay at 1-2. Plaintiff stated that she had asked the AC for an extension

of time within which to file her civil action, which if granted "would moot" Defendant's motion to dismiss. *Id.*; *see also* 20 C.F.R. § 404.982.

On April 13, 2016, following a hearing at which counsel for both parties appeared, the undersigned entered an Order staying all deadlines and proceedings in this matter pending the outcome of Plaintiff's request to the AC for an extension of time to appeal the Commissioner's denial of benefits. *See* Order Granting Stay (Doc. No. 13) at 1-4. The undersigned also instructed both parties to "promptly inform the Court, in writing, when the Appeals Council has resolved Plaintiff's request for an extension of time. In the meantime, Plaintiff [was instructed to] file status reports every 90 days informing the Court of any activity concerning Plaintiff's request for extension." *Id.* at 3-4.

The Court received Plaintiff's first status report on July 12, 2016. Pl.'s Status R. (Doc. No. 14) at 1-2. Plaintiff stated that the AC had "been contacted about this matter" but had "not fully responded." *Id.* at 1. Three days later, Defendant filed a Notice of Activity stating that the AC had twice denied Plaintiff's request for an extension of time. *See* Def.'s Notice (Doc. No. 15) at 2-3; *see also* Def.'s Notice Exs. 2, 6 (Doc. Nos. 15-2, 15-6) (Plaintiff's request letters dated March 25, 2016, and May 3, 2016); Def.'s Notice Exs. 4, 8 (Doc. Nos. 15-4, 15-8) (AC's denial letters dated April 28, 2016, and June 22, 2016). In Plaintiff's second request, her current attorney explained that he "could not have filed [Plaintiff's] case" within the sixty-day limitations period because Plaintiff contacted his law firm "after her deadline had run."[3] Def.'s Notice Ex. 6, at 2. The AC

---

[3] The AC denied Plaintiff's first request because counsel's March 25, 2016 letter did "not state[] any reason for not filing on time." Def.'s Notice Ex. 4, at 2; *see also* Def.'s Notice

5

explained that a "client's delay in seeking legal representation beyond the sixty-day deadline" was not "good cause" for missing the filing deadline. Def.'s Notice Ex. 8, at 1; *see also* 20 C.F.R. §§ 404.911, .982. The AC further noted that counsel's "two-month delay in requesting the first extension" after untimely filing the civil action also did "not establish good cause" under the Commissioner's rules. Def.'s Notice Ex. 8, at 1.

Although Plaintiff suggested to the Court that the AC's "latest decision [was] being appealed" as of July 14, 2016, she pointed to no authority allowing such an appeal (or contemplating multiple requests for an extension). *See* Def.'s Notice at 2; Pl.'s Status R. at 2; Order Lifting Stay (Doc. No. 16) at 2; 20 C.F.R. § 404.982. Nor did the materials attached to the parties' status reports provide "any reason to expect that the Appeals Council might answer a third request differently than it did the prior two" requests. Order Lifting Stay at 2 (citing Def.'s Notice Exs. 4, 8; 20 C.F.R. §§ 404.911, .982). On July 20, 2016, the undersigned lifted the stay and offered Plaintiff another opportunity to respond to Defendant's motion on the merits. *See id.* at 1-2 (citing LCvR 7.1(g)). Plaintiff filed her response brief on September 9, 2016. Pl.'s Resp. (Doc. No. 19) at 1-3. Defendant's Motion to Dismiss is now ripe for decision.

## ANALYSIS

A party seeking judicial review of the Commissioner's final decision denying an application for DIB "may obtain a review of such decision by a civil action commenced

---

Ex. 2, at 1. Plaintiff has not suggested that she received the AC's denial letter more than five days after November 4, 2015, which would have allowed the Commissioner to potentially delay the start of Plaintiff's sixty-day filing period. *See* Def.'s Notice Exs. 2, 4, 6; 20 C.F.R. § 422.210(c).

6

within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This sixty-day clock generally starts on the sixth day after the date printed on the Notice of Appeals Council Action letter. *See* 20 C.F.R. §§ 404.901, 422.210(c) (time to appeal starts the day after five-day grace period). In her Complaint, Plaintiff alleges that the AC denied her request for review on November 4, 2015—i.e., sixty-nine days before she filed this action on January 13, 2016. Compl. at 2; *see also* Def.'s Mot. to Dismiss Ex. 1, at 28-30. Thus, Plaintiff missed her filing deadline by four days. *See* Civil Cover Sheet (Doc. No. 1-1) at 1; 20 C.F.R. § 422.210(c); Fed. R. Civ. P. 6(a)(1). Plaintiff concedes this fact. *See* Pl.'s Resp. at 1-2.

The sixty-day limitations period in 42 U.S.C. § 405(g) "is a condition on the waiver of sovereign immunity" that must be "strictly construed." *Bowen*, 476 U.S. at 479; *see, e.g.*, *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 438 (6th Cir. 2007) (affirming dismissal of § 405(g) action filed one day after the claimant's sixty-day limitations period expired). However, equitable tolling may be warranted in "rare" cases where the "equities in favor of tolling the limitations period are so great" that it would be "inappropriate" for a federal court to defer "to the agency's judgment" that the sixty-day filing period should not be extended. *Bowen*, 476 U.S. at 480 (internal quotation marks omitted). The circumstances described by Plaintiff do not meet this standard. *See, e.g.*, *Bowen*, 476 U.S. at 480-81 (allowing equitable tolling under § 405(g) where "the Government's secretive conduct" prevented plaintiffs from discovering a viable cause of action); *cf. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (explaining that

7

equitable tolling, even among private litigants, is proper "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" (footnote omitted)).

In Plaintiff's response brief, counsel asserts that Plaintiff's case "was referred to" him sometime after the ALJ hearing and that "[a] new non-staff member docketed the wrong date." Pl.'s Resp. at 2. This explanation appears inconsistent with the explanation that this same attorney gave the AC in Plaintiff's second request for an extension of time—i.e., that he "could not have filed" Plaintiff's complaint within the sixty-day limitations period because Plaintiff contacted his law firm "after her deadline had run." Def.'s Notice Ex. 6, at 2. Regardless, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads an attorney to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (citations and internal quotation marks omitted) (discussing equitable tolling of the deadline of 28 U.S.C. § 2244(d)(1)); *accord Butler v. Colvin*, No. CIV-14-449-HE, 2014 WL 2896000, at *2 (W.D. Okla. June 26, 2014) (finding that an attorney's "negligence in not filing [plaintiff's] appeal papers for her or in not alerting her soon enough about the proper deadline" did not warrant equitable tolling under § 405(g) (citing *Irwin*, 498 U.S. at 96; *Hall v. United Parcel Serv., Inc.*, 101 F. App'x 764, 765-66 (10th Cir. 2004))). Accordingly, Plaintiff has not shown that she is entitled to equitable tolling under 42 U.S.C. § 405(g).

## RECOMMENDATION

The undersigned recommends that Defendant's Motion to Dismiss (Doc. No. 9) be granted and that this action be dismissed with prejudice as untimely filed. *See Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) ("[A] dismissal on limitations grounds is a judgment on the merits."); *Miles v. Colvin*, No. CIV-13-889-HE, 2014 WL 2533814, at *1 (W.D. Okla. June 5, 2014) (dismissing untimely § 405(g) action with prejudice).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 14, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of November, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE